STATE OF NORTH CAROLINA v. BILLY RAY MOSES

No. 73

(Filed 9 May 1973)

Criminal Law § 23— voluntariness of guilty plea

The defendant's sworn statements fully supported the trial court's adjudication that defendant's plea of guilty was freely, understandingly and voluntarily made.

APPEAL by defendant from *Wood, S. J.,* 23 October 1972 Session of BURKE Superior Court, transferred for initial appellate review by the Supreme Court by order dated 26 March 1973 entered pursuant to G.S. 7A-31 (b) (4).

This criminal prosecution is based on a warrant which charges that defendant on or about 11 February 1972 unlawfully and wilfully possessed taxpaid liquor for the purpose of sale in violation of G.S. 18A-7.

State v. Moses

In the District Court, after trial on his plea of not guilty, defendant was found guilty. Judgment was pronounced. Defendant appealed.

In the superior court, "[d]efendant, by and through his attorney of record, John H. McMurray, and individually, entered a plea of guilty."

Before accepting defendant's plea, the presiding judge examined defendant in open court to determine whether defendant had entered the plea voluntarily with full understanding of his rights and the consequences of his plea. Based upon defendant's sworn statements, orally and in writing, the court adjudged "that the plea of guilty by the defendant [was] freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency," and ordered that defendant's plea and the court's adjudication be entered in the record. Thereupon, based on defendant's plea of guilty, the court pronounced judgment.

Three days after judgment had been pronounced, defendant, by informal letter to the clerk of the superior court, gave notice of appeal. Upon a finding that defendant was an indigent, the court appointed counsel to perfect defendant's appeal.

*Attorney General Robert Morgan and Assistant Attorney General Robert G. Webb for the State.*

*John H. McMurray for defendant appellant.*

PER CURIAM.

Defendant's sworn statements fully support the court's adjudication that defendant's plea of guilty was freely, understandingly and voluntarily made. Indeed, defendant's answers include his sworn statement that he was in fact guilty of the criminal offense charged in the warrant.

On appeal, defendant contends that a new trial should be granted on the ground the warrant fails to charge a criminal offense. Obviously, there is no merit in this contention.

Affirmed.